IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

_____

No. 08-40012
Summary Calendar
_____

ROMONA RENA MAYEAUX,

Plaintiff-Appellant

v.

CLEAR CREEK INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
(3:05-CV-262)

_____

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Romona Rena Mayeaux appeals from the district court's summary judgment dismissing with prejudice her race-based employment discrimination case against Defendant-Appellee Clear Creek Independent School District ("CCISD"), and also appeals from the district court's denial of her motion for reconsideration. On appeal, Mayeaux contends that the district court erred in concluding that she had failed to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish the presence of a genuine issue of material fact as to whether CCISD's reasons for not renewing her teaching contract were pretext for a racially discriminatory motive, and also erred in failing to grant her a stay based on the Servicemember Civil Relief Act.[1] We affirm.

We have carefully reviewed the record on appeal, including the substantial record from the district court, the law and facts as related in the appellate briefs of the parties, and the Order granting Defendant's motion for summary judgment signed by the district court on March 26, 2007. As for Mayeaux's assertion that the district court applied the wrong standard in testing the summary judgment evidence for pretext after concluding that Mayeaux had made a prima facie case and that CCISD had proffered a legitimate, non-discriminatory reason for not renewing her employment contract, we simply find no error in the handling of that issue by the district court. In its opinion, the district court painstakingly laid out the facts presented by CCISD and those presented by Mayeaux on each of her specific allegations of pretext and reached conclusions on each, with which we agree. In short, each of the particular deficiencies claimed by Mayeaux were shown by CCISD to be valid and Mayeaux's evidence to the contrary was insufficient to create a genuine issue of material fact. The district court applied the

---

[1] 50 U.S.C. App. § 522(b).

correct standard in reaching its summary judgment conclusion. We affirm the court's dismissal of Mayeaux's action with prejudice for essentially the reasons set forth by that court in its aforesaid Order.

Mayeaux's claim of error regarding the denial of a continuation is even more lacking in merit. Both original and successor counsel for Mayeaux were afforded more than sufficient time to conduct discovery, mediation, and all other pretrial activities, and additional postponements were made and time given based on the change in counsel for Mayeaux and on everything else required in advance of summary judgment (as distinguished from trial, which would have been sufficiently postponed had trial been required). Given the chronology of all that happened in the district court, Mayeaux's claim that any harm or prejudice resulted from the district court's failure to grant additional extensions, delays, or postponements is not supported by the record.

The district court's summary judgment in favor of CCISD, dismissing Mayeaux's action with prejudice, and all other rulings of that court, are, in all respects,

AFFIRMED.

3